JORDAN, Circuit Judge,
concurring:
I agree that the district court’s dismissal of Mr. Horowitz’s complaint should be affirmed. But my rationale differs somewhat from that of the majority.
Under the “incorporation by reference doctrine,” as applied in the Eleventh Circuit, I do not believe that the district court could, at the motion to dismiss stage of the proceedings, properly consider the certificate of merger CitiMortgage attached to its motion. Only “in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss” does the doctrine allow a court to consider matters or documents beyond the four corners of the complaint and its attachments. See Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir.2007) (citation omitted). Ci-tiMortgage’s certificate of merger is not central to Mr. Horowitz’s claim. Simply stated, Mr. Horowitz would not have had “to offer a copy of the article in order to prove [his] case.” See id. at 1285 (quoting Fudge v. Penthouse Int’l, Ltd., 840 F.2d 1012, 1015 (1st Cir.1988)). Indeed, Mr. Horowitz alleges that CitiMortgage had no right to foreclose.
I also do not think that the merger between CitiMortgage and ABN AMRO could be established by referring to the finding of another court in another case. We cannot take judicial notice of a fact found true in another action, without more. “If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous.” United States v. Jones, 29 F.3d 1549, 1553 (11th Cir.1994). “A court may take notice of another court’s order only for the limited purpose *888 of recognizing the ‘judicial act’ that the order represents or the subject matter of the litigation.” Id.
Nevertheless, pursuant to Federal Rule of Evidence 201 the district court properly took judicial notice of CitiMortgage’s regulatory filings with both the New York Department of State and the Securities and Exchange Commission, and those filings establish the fact of the merger. Numerous district courts have taken judicial notice under similar circumstances. See, e.g., Kohan Prod. Ltd. v. Comerica Bank, No. CV 10-0034 PSG (AJWx), 2010 WL 956402, at *1 n. 1 (C.D.Cal. Mar. 11, 2010) (“The court takes judicial notice of the merger agreements under Federal Rule of Evidence 201(d) because they are ‘capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.’ ”); Chevron Corp. v. Salazar, 807 F.Supp.2d 189, 193 n. 5 (S.D.N.Y.2011) (“Both the Merger Agreement and the Certificate of Merger filed with the Delaware Secretary of State, of which the Court also takes judicial notice, so reflect.”) (record citation omitted); St. John v. Bosley Inc., No. 1:10-cv-954, 2011 WL 4007388, at *1 n. 2 (N.D.Ohio Sept. 8, 2011) (“The court added Bosley as a defendant after taking judicial notice that in August, 2010 Bosley, Inc. and MHR filed a Certificate of Merger issued by the Secretary of the State of Delaware.”).
After taking judicial notice of the certificate of merger filed with the New York Department of State, New York law does the rest. In pertinent part, § 906 of New York’s business corporation law provides that not more than thirty days after the filing of the certificate, a merger shall be effected and all rights and property of the consolidated corporation shall vest in the surviving corporation without further action. See N.Y. Bus. Corp. Law § 906. Thus, the surviving corporation, CitiMort-gage, held both the note and security deed and had standing to foreclose on Mr. Horowitz’s mortgage.